IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKHAEL VLASOV,

    Petitioner,                     No. CIV S-09-1322 JAM DAD P

    vs.

D. URIBE, JR.,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        The petition presents claims that may entitle petitioner to relief if the claimed violations of constitutional rights are proved. However, petitioner has also filed a motion for a stay and abeyance. Petitioner seeks a ninety-day stay of this action in order to obtain the reporter's transcript from his trial and to determine whether he should return to state court to pursue additional claims or instead proceed with the claims set forth in the pending petition.

1

The United States Court of Appeals for the Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," which it outlined it in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under

the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition.  See King, 564 F.3d at 1140.  However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.

Here, petitioner seeks a stay only to determine if he should pursue other potential claims.  This is not a proper basis for the granting of a stay and abeyance.  Therefore, the court will deny petitioner's motion for a stay and abeyance and order that within twenty-eight days petitioner shall inform the court whether he intends to proceed with his currently pending habeas petition, wishes to proceed under the Kelly procedure outlined above or wishes to seek a stay and abeyance under Rhines.  If either of the latter two options are selected, petitioner is directed to also file the appropriate motion with the twenty-eight day period provided by this order.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Doc. No. 2), is granted.

2. Petitioner's motion for stay and abeyance (Doc. No. 3) is denied without prejudice.

3. Within twenty-eight days from the service of this order, petitioner shall file either a notice informing the court that he intends to proceed with the pending habeas petition, or shall file the appropriate motion.  If petitioner files a motion for stay and abeyance under Rhines,

---

[1] Petitioner is advised that the filing and pendency of this action does not toll the one-year statute of limitations period.  New claims in an amended petition may not relate back to the filing date of the current petition and thus, may be time-barred.  See Mayle v. Felix, 545 U.S. 644 (2005).

he shall also submit with the motion a an amended habeas petition which must comply with the requirements of the Federal Rules of Civil Procedure; petitioner must use the form petition provided by the court; and the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition."

    4. The Clerk of the Court is directed to provide petitioner with the court's form habeas petition for a state prisoner.

    5. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: December 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vlas1322.9